FILED
BILLINGS DIV.

2010 JAN 26 PM 3 07

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| THOMAS L. HENDERSON, | CV-09-78-BLG-RFC |
| Plaintiff, | |
| vs. | |
| | ORDER ADOPTING FINDINGS |
| | AND RECOMMENDATIONS OF |
| YELLOWSTONE VALLEY | U.S. MAGISTRATE JUDGE |
| RAILROAD, INC., | |
| Defendants. | |

On December 7, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court grant Yellowstone Valley Railroad's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 21*).

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the December 7, 2009 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

A corporation is a citizen of the state under whose laws it is incorporated and a citizen of the state of its "principal place of business." 28 U.S.C. § 1332(c)(1); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Yellowstone Valley Railroad (YVR) is incorporated in Idaho. Thus, the dispositive issue here is whether YVR's principal place of business is in Montana or another state.

The Ninth Circuit employs two tests to determine a corporation's principal place of business:

> First we apply the "place of operations" test. Under that test, a corporation's principal place of business is the state containing "'a substantial predominance of corporate operations.'" *Tosco Corp.*[,] 236 F.3d [at] 500 ... (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)). If no state contains a "substantial predominance" of corporate operations, we apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed." *Id.*

*Davis*, 557 F.3d at 1028. The "place of operations" test is to be applied first. *Id.* Where a corporation's citizenship can be determined based on where the substantial predominance of its corporate operations occur, there is no need to turn to the nerve center test. *See id.*

Determining where a corporation's operations "substantially predominate" necessarily involves a comparison of activities in the state at issue with its activities in other states. *Id.* The Ninth Circuit considers a variety of factors to determine where there is a substantial predominance of corporate activities, including: "the location of employees, tangible property, production activities, sources of income, and where sales take place." *Id.* at 1028 (internal citations omitted). A corporation's headquarters need not be located in the same state as the substantial predominance of its corporate operations, *Industrial Tectonics*, 912 F.2d at 1094. Likewise, the state of corporate citizenship need not even contain

3

the majority of the corporation's operations, just a "significantly larger" portion of the operations relative to the corporation's operations in other individual states. *Davis*, 557 F.3d at 1028-29 (quoting *Tosco*, 236 F.3d at 500). "[B]oth the nature of the corporation's business activities and the purposes of the corporate citizenship statute" must be considered when determining principal place of business. *Id.*

Applying the place of operations test, it is clear that Montana contains a substantial predominance of YVR's corporate operations. While YVR maintains corporate offices in Idaho, and utilizes the services of a Claims / Risk Management Director in Kansas, its railroad business is almost exclusively conducted in Montana. Although YVR's Chief Operating Officer and Director of Railroad Operations are Watco employees in Idaho, YVR does not conduct any of its daily railroad operations in Idaho. The Claims / Risk Management Director located in Kansas is also a Watco employee and provides only claims-handling services for YVR. These Idaho and Kansas operations all relate to YVR's business operations which are conducted almost exclusively in Montana.

The overwhelming weight of YVR's railroad business is conducted in Montana. YVR operates its trains on 127 miles of track in four Montana counties and one North Dakota county. One hundred miles of that track is located in Montana, and all of its railroad operations originate in Sidney, Montana. All twelve of YVR's operational employees, including its general manager, are based

4

in Sidney, Montana. All of YVR's clients are located in Montana, with the exception of one client.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 21*) is **GRANTED**. The Clerk of Court is directed to enter a Judgment of dismissal and close this case accordingly.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 26 day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE